NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CORRIE M. REHMS, a single person,

Plaintiff - Appellant,

v.

POST FALLS POLICE
DEPARTMENT; CITY OF POST
FALLS; CITY OF COEUR D'
ALENE; COEUR D'ALENE POLICE
DEPARTMENT; PAT KNIGHT, Post Falls
Chief of Police, individually and in his
official capacity; CHRISTOFFER
CHRISTENSEN, Post Falls Police Officer,
individually and in their official
capacity; LAUREN PIERSON, Post Falls
Police Officer, individually and in their
official capacity; LEE WHITE, Coeur
d'Alene Chief of Police, individually and in
his official capacity; NICK KNOLL,
Officer, individually and in his official
capacity; COUNTY OF
KOOTENAI; KOOTENAI COUNTY
SHERIFF'S DEPARTMENT; BEN
WOLFINGER, Kootenai County Sheriff,
individually and in his official
capacity; POST FALLS PROSECUTORS,
individually and in their official
capacity; BEN WHIPPLE, Deputy; JACK

No. 24-701

D.C. No.
2:22-cv-00185-DCN

MEMORANDUM*

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

TRAW, Deputy; SHANNON MALONE,
Deputy; RIVER CITY ANIMAL
HOSPITAL PLLC; JOHN DOES, 1-10
individually and in their official capacity;
11-13 individually and in their official
capacities; 14-15,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted December 6, 2024[**]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

When police officers found Ms. Rehms (Rehms) sitting in a running car with pinpoint pupils and slurred speech, they questioned her competency to drive. When she then did poorly on tests designed to assess her competency to drive, the officers arrested her. Rehms filed this action in the District Court for Idaho alleging that her arrest and subsequent treatment violated her rights under the Constitution and Idaho law because her apparent impairments were caused by a traumatic brain injury (TBI) she suffered a couple of years ago, and not by alcohol or drugs. The district court granted summary judgment for the defendants, finding

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that they were entitled to qualified immunity.  Rehms appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** The district court properly granted summary judgment against Rehms on her federal claims of false arrest, false imprisonment, malicious prosecution, denial of due process and excessive force.  Officers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.  *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018).  On summary judgment a court usually adopts the plaintiff's version of the facts unless they are contradicted by video evidence.  *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Spencer v. Pew*, 117 F.4th 1130, 1133 (9th Cir. 2024).  The Ninth Circuit reviews de novo a grant of summary judgment.  *W. Towboat Co. v. Vigor Marine, LLC*, 85 F.4th 919, 925 (9th Cir. 2023).

The district court found, and the officers' bodycam videos confirm, that there was probable cause to arrest Rehms.  *See United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010) (probable cause exists when a prudent person would have concluded "that there was a fair probability that the suspect had committed a crime") (cleaned up).  Rehms was sitting in a running car, her pupils were pinpoint, and her speech was slurred.  When she got out of the car, she was unsteady on her feet and had difficulty performing some of the routine field sobriety tests.  Rehms'

assertion that her conditions were caused by a TBI did not outweigh the evidence suggesting that she was under the influence of alcohol or drugs.

The district court's finding that the officers did not use excessive force is supported by the officers' videos. Rehms has not shown that there are any material facts that undermine that determination, or that a reasonable officer would have known that the conduct violated her constitutional rights.

**2.** The district court properly granted summary judgment on Rehms' state law claims for false imprisonment and malicious prosecution. The videos support the grant of summary judgment on her claims of false arrest and false imprisonment, and her claim of malicious prosecution is rebutted by the county magistrate's finding of probable cause, which Rehms does not challenge on appeal. *See Nieves v. Bartlett*, 587 U.S. 391, 406 (2019) ("It has long been settled law that malicious prosecution requires proving the want of probable cause.") (cleaned up).

The district court properly granted summary judgment on Rehms' state law claims of libel and slander. The district court determined, and Rehms accepts, that under Idaho law, the officers are entitled to immunity unless they acted with malice or criminal intent. *See* Idaho Code § 6-904(3). Moreover, statements made to law enforcement during the course of an investigation are privileged and generally cannot give rise to a claim of defamation. *See Berian v. Berberian*, 583 P.3d 937, 946-48 (Idaho 2020). Here, even if the district court's determinations in

granting summary judgment for the officers on Rehms' federal claims did not preclude a finding of malice or criminal intent, a review of the videos reveals that there is no objective evidence of either malice or criminal intent. *See Spencer*, 117 F.4th at 1133.

**3**. The district court also properly granted summary judgment on Rehms' claims under the Americans with Disability Act and the Rehabilitation Act. First, the videos show that the officers arresting Rehms did not mistreat her based on her disability. Second, as to Rehms' subsequent detention, Rehms does not challenge the conditions of the first holding cell, does not deny that she was moved because of her repeated banging on the cell door, and does not allege that she informed the officers that the "safe" cell to which she was moved was inconsistent with her physical limitations. Rehms has not demonstrated any genuine dispute as to any material fact. *See Zetwick v. County of Yolo*, 850 F.3d 436, 440 ( 9th Cir. 2017).

**4**. Finally, as Rehms' brief on appeal does not challenge the district court's grant of summary judgment for the River City Animal Hospital, she has forfeited any objections she might have to the order. *See Balser v. Dep't. of Just., Off. of U.S. Tr.*, 327 F.3d 903, 911 (9th Cir. 2003).

The district court's grant of summary judgment against Rehms and in favor of the defendants is **AFFIRMED**.